**SIMMONS, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 5950.

United States Court of Appeals
First Circuit.

Heard Feb. 2, 1965.

Decided Feb. 23, 1965.

Eduardo Negron Rodriguez, San Juan, P. R., with whom Fiddler, Gonzalez & Rodriguez, San Juan, P. R., was on brief, for petitioner.

Gary Green, Washington, D. C., with whom Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Melvin J. Welles, Washington, D. C., were on brief, for respondent.

Before ALDRICH, Chief Judge, MARIS,* Circuit Judge, and FORD, District Judge.

PER CURIAM.

In Simmons, Inc. v. NLRB, 1 Cir., 1963, 315 F.2d 143, we held, reversing the Board in part, that the discharge on March 24, 1959 of a group of employees, known as the Comite, for inducing a strike to obtain recognition of the Comite when the employees were already lawfully represented, was not an unfair labor practice as to the majority of the Comite, but was as to one Aviles Padilla who had not taken part. We further held that the continuation of the strike to protest these discharges became unprotected after the lawful representative executed a no-strike agreement on April 10, and that strikers after that date were not entitled to reinstatement. We excepted, and left open, the rights of Aviles Padilla, and returned the case to the Board for consideration of whether he was entitled to special treatment.

Finding that Aviles Padilla's participation in the strike after April 10 was minimal and peaceful, and carrying to the limit our suggestion that he was in a special category because his discharge had been a clear unfair labor practice, the Board concluded that, on balance, the policies of the Act would be best advanced by requiring his reinstatement with back pay in spite of his post-April 10 activities.

On the facts found it seems to us that this is a typical matter in which we should not interfere with the Board's decision. The fact that an employee who was clearly unlawfully discharged made an appearance to witness and perhaps passively encourage a strike in part initiated by his discharge, (see Simmons, Inc. v. NLRB, supra) need not cut off the rights which accrued to him by his

---

* Sitting by designation.

wrongful discharge even though the strike itself was unprotected.

A decree must be entered enforcing the order of the Board, ¶ 2(a), as it pertains to Aviles Padilla. The scope of the actual relief, in terms both of back pay and reinstatement in the light of certain allegedly changed circumstances, will be for the Board to determine in subsequent proceedings in accordance with its usual practice. See National Labor Relations Board v. Deena Artware, Inc., 1960, 361 U.S. 398, 411, 80 S.Ct. 441, 4 L.Ed.2d 400 (concurring opinion); NLRB v. Trinity Valley Iron & Steel Co., 5 Cir., 1961, 290 F.2d 47.