**CENTRAL MAINE POWER COMPANY,**
Petitioner,

v.

**FEDERAL POWER COMMISSION,**
Respondent.

No. 6431.

United States Court of Appeals
First Circuit.

Heard May 3, 1965.

Decided May 18, 1965.

Randall J. LeBoeuf, Jr., New York City, with whom Joseph P. Gorham, Augusta, Me., Ronald D. Jones, Charles A. Ehren, Jr., and LeBoeuf, Lamb & Leiby, New York City, were on brief, for petitioner.

Howard E. Wahrenbrock, Sol., Washington, D. C., with whom Richard A. Solomon, Gen. Counsel, and Joel Yohalem, Atty., F. P. C., Washington, D. C., were on brief, for respondent.

Before ALDRICH, Chief Judge, BREITENSTEIN,* Circuit Judge, and GIGNOUX, District Judge.

ALDRICH, Chief Judge.

■ This is a petition to review an order of the Federal Power Commission which in 1964 required petitioner, Central Maine Power Company, to take a license retroactively dated January 1, 1938, and expiring December 31, 1987, for its hydroelectric power plant (the Williams Project) on the upper Kennebec River at Caratunk Falls, Maine. Petitioner first applied for the license in 1963. The effect of the order was to shorten the maximum 50-year term to an effective term of 24 years, to impose liability for fees retroactively, and to commence as of an earlier date petitioner's obligation to "amortize" excess earnings, if any, a euphemistic way of stating an obligation to reduce its cost base in case its property should be taken over upon expiration of the license. 16 U.S.C. § 803(d) and (e). No accounting or order in terms of dollars, for fees or amortization, has as yet been made. In this court petitioner contends that it has been discriminated against because if it had constructed its plant prior to 1935 no such retroactivity, admittedly, see Public

* By designation.

Service Co. of New Hampshire, 1962, 27 F.P.C. 830, would have been imposed upon it. The Commission's response is that in 1937 petitioner knew, or should have known, that it was obliged to apply for a license forthwith, or, at least, file a declaration of intention to build, and that, under the cited case, all parties who neglected to do what they reasonably should have done were properly treated by having retroactivity imposed upon them.

The facts, briefly, are these. In 1937 petitioner began construction. In 1935 Congress had amended section 23(b) of the Federal Power Act which required an application to be made for a license to operate a plant, dam, etc., in "navigable waters of the United States." 16 U.S.C. § 817. The Kennebec at this point had been used for loose logging, but at that time such capability alone had not been administratively or judicially determined to render a river "navigable." We will assume in petitioner's favor that it was reasonable in 1937 in not anticipating that, nonetheless, such a ruling might well be made.[1] We will also assume in petitioner's favor that if petitioner was reasonable in all its conduct it would be an improper penalty to require the pre-dating of its license. On these assumptions petitioner is clear of the portion of the statute so far quoted. The amendment, however, required that "[a]ny * * * corporation * * * intending to construct a dam or other project works across, along, over, or in any stream or part thereof, other than those defined herein as navigable waters, and over which Congress has jurisdiction under its authority to regulate commerce with foreign nations and among the several States shall before such construction file declaration of such intention with the Commission." It must be that, at the very least,[2] this portion of the statute was directed towards the doctrine embodied in such cases as United States v. Rio Grande Dam and Irrigation Co., 1899, 174 U.S. 690, 19 S.Ct. 770, 43 L.Ed. 1136 that Congress has a legitimate interest in non-navigable waters the diversion or impeding of which could affect navigation in navigable waters. Petitioner's answer to this is that the nature of its plant was such that no such impediment or diversion would be occasioned. We may agree that this was the fact. However, the statutory requirement of notice, not unreasonably, was couched in terms of situs, rather than in terms of the effect of the plant actually proposed. Under section 23(b) if the location is one where injury could be done it is for the Commission to make the decision as to whether "the interests of interstate or foreign commerce would be affected by such proposed construction." So viewed we cannot possibly condemn the Commission's determination that petitioner was unreasonable, if not even recalcitrant, in not recognizing and complying with the second portion of the statute by filing a declaration of intention.

In such circumstances, in our opinion, it is neither discriminatory nor a true penalty for the Commission to treat petitioner in the terms of its license as it would have treated it (see fn. 1, supra) had it complied with the statute when it should have. It is a familiar principle of equity itself to regard as being done that which should have been done. Any possible discrimination would be the other way. Were petitioner to prevail, parties like Wisconsin Public Service Corp. who had complied with the

1. In point of fact it was made, in 1943, and upheld in the case of Wisconsin Public Service Corp. v. F. P. C., 7 Cir., 1945, 147 F.2d 743, cert. den. 325 U.S. 880, 65 S.Ct. 1574, 89 L.Ed. 1996, and this decision is now recognized by all, including petitioner, as sound. Singularly enough, that proceeding was instituted in 1937 by the Wisconsin company's filing a so-called declaration of intention under the statute.

2. Congress could have a broader concern. See F. P. C. v. Union Electric Co., 85 S.Ct. 1253, 5/3/65. We will assume, however, that in 1937 petitioner would have been reasonable in not anticipating the principle now recognized in that case.

law would be worse off than those who did not.

Our dismissal of the petition does not, of course, mean that petitioner may not later seek review of the Commission's dollar computations if some accounting or other questions short of the basic legal obligation we are now resolving should arise. Cf. Simmons, Inc. v. N. L. R. B., 1 Cir., 1965, 341 F.2d 822, 823.

The Commission's order will be affirmed.