**BANGOR HYDRO–ELECTRIC COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**No. 6614.**

United States Court of Appeals
First Circuit.

Heard Jan. 3, 1966.

Decided Jan. 13, 1966.

Albert Cook Blanchard, Bangor, Me., with whom Albert Chick Blanchard, Bangor, Me., was on brief, for petitioner.

Joel Yohalem, Washington, D. C., Atty., F.P.C., with whom Richard A. Solomon, Gen. Counsel, Howard E. Wahrenbrock, Sol., and Joseph B. Hobbs, Atty., F.P.C., were on brief, for respondent.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This petition to review an order of the Federal Power Commission refusing reconsideration of an order antedating a license to operate a hydroelectric project on navigable waters is based upon a lack of understanding of our opinion in Central Maine Power Co. v. F.P.C., 1 Cir., 1965, 345 F.2d 875. The facts are essentially similar, and the same result must obtain.

Briefly, in Central Maine Power Co. we held that the Commission was not precluded from antedating a license to the date when a licensee should reasonably have made application or, in the alternative, should have taken note of section 23(b), added to the Federal Power Act in 1935, 16 U.S.C. 817, and filed a declaration of intention because of the nature of the situs. With respect to the present petitioner, the Commission found that the date it should have taken action was January 1, 1938 when petitioner substantially enlarged its hydroelectric project at Veazie on the Penobscot River, three miles above Bangor, Maine. Petitioner asserts that it was reasonable in 1938 in not believing the river at this point to be navigable within the meaning of the Act. Alternatively, it contends that since the river was in fact so navigable it was under no obligation to file a declaration of intention under section 23(b), since by its terms this requirement is limited to nonnavigable waters.

The dilemma in which petitioner seeks to place the Commission is precisely the one which we held in Central Maine Power Co., supra, faced the applicant, instead. Any basis which petitioner had in 1938 for supposing that it need not apply for a license because the waters were nonnavigable necessarily pointed to an obligation to file the declaration of intention applicable to nonnavigable waters. The petitioner did neither. It cannot have it both ways. In Central Maine Power Co., as petitioner points out, we recognized a defense of reasonableness, but we held that in this situation the Commission could properly find the petitioner unreasonable.

The Commission's order will be affirmed.